UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| JOSEPH MANUEL GARDEA, ) | Case No. CV 15-03074-AS |
| ) | |
| Plaintiff, ) | **MEMORANDUM OPINION AND** |
| ) | |
| v. ) | **ORDER OF REMAND** |
| ) | |
| CAROLYN W. COLVIN, Acting ) Commissioner of Social ) Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

On April 24, 2015, Plaintiff filed a Complaint seeking review of the denial of his application for Disability Insurance Benefits and Supplemental Security Income. (Docket Entry No. 1). The parties have consented to proceed before the undersigned United States Magistrate Judge. (Docket Entry Nos. 11, 14). On October 5, 2015, Defendant filed an Answer along with the Administrative Record ("AR"). (Docket Entry Nos. 16-17). The parties filed a Joint Position Statement ("Joint

Stip.") on January 25, 2016, setting forth their respective positions regarding Plaintiff's claims. (Docket Entry No. 20).

The Court has taken this matter under submission without oral argument. See C.D. Cal. L.R. 7-15; "Order Re: Procedures in Social Security Case," filed April 28, 2015 (Docket Entry No. 7).

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On September 20, 2011, Plaintiff, formerly employed as a house manager, security guard, stock clerk, and warehouse worker (see AR 242-52), filed applications for Disability Insurance Benefits and for Supplemental Security Income, alleging an inability to work since August 22, 2009. (AR 195-207). On June 18, 2013, the Administrative Law Judge ("ALJ"), T. Patrick Hannon, heard testimony from Plaintiff and vocational expert Jo Ann Yoshioka. (See AR 50-57). On August 29, 2013, the ALJ issued a decision denying Plaintiff's application. (See AR 10-21). After determining that Plaintiff had severe impairments -- "low back pain of an unclear etiology; right eye blindness; hypertension; and diabetes mellitus, type II" (AR 32-33) -- but that bipolar disorder with psychotic features and posttraumatic stress disorder, singly and in combination, were nonsevere impairments (AR 33), the ALJ found that Plaintiff had the residual functional capacity ("RFC")[1] to perform the full range of medium work[2] with the following limitations: lifting and/or carrying 50 pounds occasionally and 25 pounds frequently; standing and/or walking for about 6 hours in an 8-hour workday; and sitting for about 6 hours in an 8-hour workday, with normal breaks. (AR 34-37). Finding that Plaintiff was capable of performing his past relevant work

---

[1] A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

[2] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c) and 416.967(c).

as a house parent, security guard and warehouse worker, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 37).

Plaintiff requested that the Appeals Council review the ALJ's decision. (AR 23-25). The request was denied on March 16, 2015. (AR 1-6). The ALJ's decision then became the final decision of the Commissioner, allowing this Court to review the decision. See 42 U.S.C. §§ 405(g), 1383(c).

**PLAINTIFF'S CONTENTIONS**

Plaintiff alleges that the ALJ erred in failing to: (1) find that Plaintiff suffered from a severe mental impairment; and (2) find that Plaintiff was not fully credible. (See Joint Stip. at 4-8, 12-16, 18-19).

**DISCUSSION**

After consideration of the record as a whole, the Court finds that Plaintiff's first claim of error warrants a remand for further consideration. Since the Court is remanding the matter based on Plaintiff's first claim of error, the Court will not address Plaintiff's second claim of error.

**A. The ALJ Erred In Finding That Plaintiff Did Not Have A Severe Mental Impairment**

Plaintiff contends that the ALJ erred in finding that Plaintiff did not suffer from a severe mental impairment. (See Joint Stip. at 4-8, 12). Defendant contends that the ALJ properly found that Plaintiff did not suffer from a severe mental impairment. (See Joint Stip. at 8-11).

A severe impairment is one that significantly limits the physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.921(a); Social Security Ruling 96-3p. Basic work activities include the abilities to perform physical functions, to see, hear and speak, to understand, carry out, and remember simple instructions, to use judgement, to respond appropriately to supervision, co-workers and usual work situations, and to deal with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b), 416.921(b). Plaintiff is not required to establish total disability at this level of the evaluation. Rather, the severe impairment requirement is a threshold element that plaintiff must prove in order to establish disability within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 (1987); see Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) ("The burden of proof is on the claimant as to steps one to four.").

An impairment will be considered non-severe when medical evidence establishes only a "slight abnormality or combination of slight abnormalities which would have not more than a minimal effect on the individual's ability to work, even if age, education or work experience were specifically considered." Social Security Ruling 85-28; Bowen v. Yuckert, supra, 482 U.S. at 153-54. "An ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'" Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005)(quoting Social Security Ruling 85-28). "[T]he step-two inquiry is a de minimis screening device to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996).

In finding Plaintiff's mental impairments to be non-severe, the ALJ wrote:

> The claimant's medically determinable mental impairments of bipolar disorder with psychotic features and posttraumatic

4

stress disorder (PTSD) considered singly and in combination, do not cause more than **minimal limitation in the claimant's ability to perform basic mental work activities and are, therefore, nonsevere.**

In making this finding, the undersigned has considered the four broad functional areas set out in the disability regulations for evaluating mental disorders and in section 12.00C of the Listing of Impairments (20 CFR, Part 404 Subpart P), Appendix 1). These four broad functional areas are known as the "paragraph B" criteria.

The first functional area is activities of daily living. In this area, the claimant has mild limitation. This is consistent with the findings of state agency medical consultant H. Thomas Unger, M.D., who found **a mild** restriction in activities of daily living on January 19, 2012 (Exhibit 1A at 6-7).

The next functional area is social functioning. In this area, the claimant has mild limitation. This is consistent with the January 19, 2012, opinion of Dr. Unger, in which he found **mild** difficulties in maintaining social functioning (Id.).

The third functional area is concentration, persistent or pace. In this area, the claimant has mild limitation. This is consistent [with] the findings of Dr. Unger, who found **mild** difficulties in maintaining concentration, persistence, or pace on January 19, 2012 (Id.).

Episodes of decompensation are not reflected in the record. Specifically, the claimant has **experienced no**

>    **episodes of decompensation**, which have been of extended duration.
>
>    Because the claimant's medically determinable mental impairments cause no more than "mild" limitation in any of the first three functional areas and "no" episodes of decompensation which have been of extended duration in the fourth area, they are nonsevere (20 CFR 404.1520a(d)(1) and 416.920a(d)(1)).
>
>    The limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. . . .

(AR 33, emphasis in original).

   The ALJ's determination that Plaintiff did not have a severe mental impairment, singly or in combination, was based on the findings by State Agency medical consultant H. Thomas Unger, M.D. (see AR 63-64 [Plaintiff had mild restriction in activities of daily living, mild difficulties in maintaining social functioning, mild difficulties in maintaining concentration, persistence or pace, and no repeated episodes of decompensation]).

   However, in a Mental Disorder Questionnaire Form dated February 13, 2013 (see AR 609-13), Plaintiff's treating physician, Sam Smith, M.D., who diagnosed Plaintiff with bipolar disorder with psychotic features, posstraumatic stress disorder, and diabetes mellitus, type II (AR 612) and treated Plaintiff from August 9, 2012 to February 13, 2013 (id.), gave the following opinions with respect to Plaintiff's abilities to function: "Patient requires assistance with all of his activities of daily living including shopping, cooking, and using public

6

transportation. He is not motivated to care for himself due to major depression. He continues to be homeless . . . Patient is guarded and paranoid around other people. He has problems with anger . . . Patient is not able to concentrate on simple tasks or understand simple instructions due to hallucinations and difficulty focusing . . . Patient is unable to adapt to stresses common to the work environment. He often experiences. He often experiences paranoia and severe anxiety when attempting to obtain work in the past. He continues to have hallucinations." (AR 611-12).

After briefly discussing Dr. Smith's opinions (see AR 35), the ALJ wrote: "This opinion is inconsistent with a finding that the claimant's medically determinable mental impairments are nonsevere and does not comport with relevant mental health records in evidence. For these reasons, Dr. Smith's opinion is afforded little weight, despite his status as a treating physician." (AR 36).

Shortly thereafter, the ALJ discussed the opinion of the psychiatric consultative examiner, as follows:

> Consultative examiner Jobst Singer, M.D., next completed a psychiatric evaluation on December 21, 2011 (Exhibit 13F). On that date, the claimant reported symptoms of depression, anxiety, and auditory hallucinations (Id. At 1). Upon examination, Dr. Singer observed a labile mood, but could discern no paranoid ideation or hallucinations. Accordingly, he diagnosed a mood disorder, not otherwise specified (NOS) with a global assessment of functioning (GAF) score of 60. He then opined that the claimant's ability to understand, remember and perform instructions was unimpaired for simple tasks and mildly impaired for complex tasks (Id. at 3). This opinion is not inconsistent with a finding that the claimant's medically determinable mental impairments are nonsevere and

>tends to comport with relevant mental health records in evidence. For these reasons and based on his examining status, Dr. Singer's opinion is afforded significant weight.

(AR 36).

The ALJ recognized that the opinion of a treating psychiatrist is given more weight that the opinion of a non-treating psychiatrist (see AR 36). See Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001) ("Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's."; see also Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995)(as amended). However, as Plaintiff asserts (see Jt. Stip. at 5-6), the ALJ failed to provide "specific and legitimate" reasons for rejecting Dr. Smith's opinions about Plaintiff's limitations. See Lester v. Chater, 81 F.3d 821, 830 (1995)(as amended) ("Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record for so doing."); see also Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Reddick v. Chater, 157 F.3d 715, 725 (1998).

The ALJ's first reason for giving Dr. Smith's opinions little weight -- that Dr. Smith's opinions were inconsistent with a finding that the claimant's medically determinable mental impairments are nonsevere -- was not even a reason.

The ALJ's second reason for giving Dr. Smith's opinions little weight -- that his opinions did not comport with the "relevant medical

health records in evidence" -- was not a specific and legitimate reason.[3]

The ALJ did not specify what medical evidence failed to support Dr. Smith's opinions. Indeed, the administrative record contains numerous medical records concerning issues with Plaintiff's mental health. (See e.g., AR 294-95, 297-302, 304, 306, 312, 317, 333-34, 338-39, 346-51, 354-58, 400-03, 406-09, 416, 431-33, 435, 437, 443-44, 481-82, 484, 487, 490, 497, 614-22, 680-97, 706-07, 722-25). Moreover, to the extent that the ALJ relied on the opinions of psychiatric examiner Dr. Singer to give Dr. Smith's opinions less weight, such reliance was improper. Dr. Singer's opinions -- "[T]he claimant's ability to understand, remember, and perform instructions is unimpaired for simple tasks and mildly impaired for complex tasks . . . [N]o psychiatric basis was found that would prevent the claimant from completing a full day of work . . . The claimant's judgment showed no significant impairment during the interview that would increase safety risks above normal in the usual work setting . . . [T]he claimant's ability to relate and interact with coworkers and the public, as well as the ability to be supervised is not impaired." (AR 425-26) -- simply did not contradict Dr. Smith's opinions about Plaintiff's limitations with activities of daily living, social functioning, or concentration, persistence or pace (the three functional areas considered by the ALJ in determining whether Plaintiff's mental impairments, singly or in combination, were severe, see AR 33).

As discussed above, the severity threshold is a low threshold with respect to step two in the sequential evaluation process. The evidence in the record does not clearly establish the non-severity of Plaintiff's mental impairment(s). The ALJ's determination that Plaintiff did not

---

[3] The Court will not consider reasons for giving Dr. Smith's opinions less weight (see Jt. Stip. at 9-10) that were not given by the ALJ in the Decision. See Pinto v. Massanari, 249 F.3d 840, 847-48 (9th Cir. 2001); SEC v. Chenery Corp., 332 US 194, 196 (1947).

Although the ALJ at the administrative hearing noted that Dr. Smith had not stated an onset date for Plaintiff's mental health impairments (see AR 51-52, 56-57), see Jt. Stip. at 6 n.1, the ALJ did not use that as a reason for giving Dr. Smith's opinions less weight.

have a severe mental impairment, singly or in combination, based solely on the findings of State Agency medical consultant Dr. Unger was improper. See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996)("[T]he findings of a nontreating, nonexamining physician can amount to substantial evidence, so long as other evidence in the record supports those findings."); 20 C.F.R. § 404.1513(c).

**B. Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where, as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman v. Apfel, supra, 211 F.3d at 1179-81.

Since the ALJ failed to find that Plaintiff suffered a severe mental impairment, singly or in combination, remand is appropriate. Because outstanding issues must be resolved before a determination of disability can be made, and "when the record as a whole creates serious doubt as to whether the [Plaintiff] is, in fact, disabled within the meaning of the Social Security Act," further administrative proceedings would serve a useful purpose and remedy defects. Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014)(citations omitted).[4]

---

[4] The Court has not reached any other issue raised by Plaintiff except to determine that reversal with a directive for the immediate
(continued...)

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 12, 2016

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

---

[4] (...continued)
payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that Plaintiff is in fact disabled." See Garrison v. Colvin, 759 F.3d 995, 1021 (2014). Accordingly, the Court declines to rule on Plaintiff's claim that the ALJ erred in failing to find Plaintiff not fully credible (see Joint Stip. at 13-16, 18-19). Because this matter is being remanded for further consideration, this issue should also be considered on remand.

11